FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| AMARJIT SINGH, | ) | No. 08-70355 |
| | ) | |
| Petitioner, | ) | Agency No. A070-124-987 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 16, 2012
San Francisco, California

Before:    FERNANDEZ and PAEZ, Circuit Judges, and SETTLE,[**] District
Judge.

Amarjit Singh petitions for review of the Board of Immigration Appeals'

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

denial of his applications for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief.[3]

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason'" for

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

2

disbelieving the alien must be offered. Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that on that record as it now exists, the BIA's credibility decision was not supported by substantial evidence.[4] That is so because Singh was not given a sufficient opportunity to explain[5] perceived inconsistencies within his testimony or between his testimony and other evidence in the record.[6] For example, while inconsistencies regarding the connection between Singh's difficulties in India and his father's political activity could undermine the heart of his claim, he was not given an opportunity to address any perceived inconsistencies at his hearing before the IJ. Rather, the IJ precluded questioning that might well have led to clarification. In addition, the IJ and BIA doubted Singh's credibility because, the IJ stated, Singh stayed in India for two years after the incidents, that is, until August of 1999. In fact, however, Singh said

_____

[4]Where, as here, the BIA conducts its own review of the evidence and law, we review the BIA's decision rather than that of the Immigration Judge. See Chawla v. Holder, 599 F.3d 998, 1001 (9th Cir. 2010).

[5]We note that because Singh's application was filed before May 11, 2005, the REAL ID Act of 2005, Pub. L. No. 109-13, div. B., tit. I, § 101, 119 Stat. 231, 302–06 (2005), is not relevant to our decision in this case.

[6]See Soto-Olarte v. Holder, 555 F.3d 1089, 1092 (9th Cir. 2009); Tekle, 533 F.3d 1044, 1053 (9th Cir. 2008); Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir. 2006).

3

he left in August of 1998. If some doubt arose regarding those dates, he should have been given an opportunity to address that doubt. Moreover, he had no opportunity to explain his treatment by the police in the face of evidence that conditions had improved in India before his alleged persecution took place.

All in all, while on the present record we are unable to uphold the BIA's determination that Singh was not credible, we are also unable to declare that he was credible. After giving Singh an opportunity to explain the perceived inconsistencies and after consideration of any other evidence that it deems appropriate, the BIA can decide credibility, and then determine if he is entitled to relief.[7] We, therefore, remand on an open record so that it can do so.[8] See Soto-Olarte, 555 F.3d at 1095–96; see also INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002) (per curiam).

Petition GRANTED, and REMANDED.

---

[7]We recognize that a further remand from the BIA to the IJ might be necessary. See 8 C.F.R. § 1003.1(d)(3)(iv).

[8]We note that because the BIA based its decision regarding asylum, withholding and CAT relief on its credibility determination, we do not address the merits of those claims at this time.